**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Shannon Evans,

                    Plaintiff,

Case No. 26-cv-01822 (JWB/ECW)

v.

**ORDER FOR SETTLEMENT CONFERENCE**

Experian Information Solutions Inc.,
Equifax Information Services LLC, and
Trans Union LLC,

                    Defendants.

Magistrate Judge Elizabeth Cowan Wright will hold a settlement conference on **October 21, 2026, at 9:00 a.m. in Courtroom 3C of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101**. Counsel are advised that this matter is scheduled for a **4-hour** settlement conference. It is the responsibility of counsel and the parties to position their negotiations and prepare for the settlement conference such that they can reach a resolution within 4 hours.

The parties are advised that the Court is unlikely to hold more than one settlement conference in a case. Consequently, if a party (1) believes strongly that the settlement conference will not be a good use of the parties' time and that the Court should consider canceling or postponing it, or (2) is concerned that the presence or absence of a particular individual on the part of the opposing party or the lack of completion of certain discovery is likely to undermine the opportunity for resolution, they should email

Cowan_Wright_Chambers@mnd.uscourts.gov and request an ex parte telephone conference with the Court (limited to settlement) or a telephone conference with counsel for all parties and the Court.  The purpose of the conference is to explore whether the settlement conference should go forward as scheduled, whether all necessary individuals will be present, and whether the parties have the information they need for a productive settlement conference.

**WHO MUST PARTICIPATE**

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall participate.  **No attorney, party, or representative may leave the settlement conference before it concludes without the express permission of the Court.  Every attorney, party, and representative must appear in person unless otherwise ordered by the Court.**[1]

- This means that each party must participate through a person who has the power to change that party's settlement posture during the course of the conference.  If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied.

- If individuals are parties to this case, they must participate.

- If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall participate.  If a general counsel or in-house counsel is designated to represent a non-government entity at the settlement conference, then such counsel shall also be accompanied by an entity representative whose primary duties do not include practicing law and who has full authority to make a final decision.

---

[1]    If a party seeks permission for an attorney, party, or representative to appear remotely, they must first meet and confer with all other parties and then file their request stating the reason for the requested remote appearance and whether there is any objection to the remote appearance.

- If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also participate in the settlement conference.

Each party must file a letter, due **7 days from the date of this Order**, identifying which lawyers and party representatives will appear at the settlement conference on behalf of each party in compliance with the above participation requirements.  Any party's failure to attend or bring representatives consistent with this Order and their letter, unless excused by the Court, may result in cancellation of the settlement conference, sanctions, or both.

**MEETING AHEAD OF THE CONFERENCE**

To encourage the parties to address settlement on their own, counsel are ordered to speak by telephone to one another on or before **October 7, 2026**, to engage in a full and frank discussion of settlement.  Prior to or during this meeting, the parties must exchange at least one round of a demand from the plaintiff and a specific offer from the defendant or defendants.  A non-specific offer or demand (e.g., "Defendants will pay 'nuisance value'") does not meet this requirement.  A party may not refuse to respond to the other party's demand/offer on the grounds that their demand/offer was "unrealistic" or "unreasonable" or for similar reasons.

**CONFIDENTIAL LETTERS TO THE COURT**

If the case does not settle prior to the settlement conference, counsel for each party shall email Magistrate Judge Wright's chambers on or before **October 14, 2026**, a confidential letter of no more than 5 pages setting forth:

3

I.      **Concise and Objective Summary of the Case**

     A.      Factual Summary

          Please provide an *objective* summary of the facts, including identification of any facts that are unknown or in dispute. In addition, please provide any important history or dynamics of the relationship between the parties.

     B.      Procedural Posture

     C.      Costs and Attorney Fees

          Specify the total costs and attorneys' fees expended to date, as well as the anticipated costs and fees through summary judgment (if applicable) and through trial. It is not acceptable for a party to state that attorneys' fees play no role or do not affect the party's litigation or settlement strategy. The amount of costs and attorneys' fees must be provided.

II.     **A Reasoned Analysis of Liability and Damages**

Please provide your assessment of the merits of your case, including an itemized computation (or refutation) of damages. In addition, please include a candid assessment of the weaknesses (*e.g.*, bad key witness) of *your* case.

     A.      Liability

          This section should include a concise analysis of any remaining significant legal issues with citation to relevant authority.

     B.      Damages

          This section should include a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations.

     C.      Candid Discussion of Weaknesses of Your Case

### III. Settlement

    A.    Summary of Settlement Discussions to Date

    This section must include the parties' respective settlement positions before and after the meeting required by this Order, including the amount of each demand and offer.

    B.    Any Obstacles to Settlement

    In this section describe any barriers to settlement, including unrealistic client expectations or emotional investment in the case.

    C.    Non-Monetary Terms

    In this section describe any non-monetary terms that are important to resolving this matter.

    D.    Insurance

    Include in this section the policy limits, any reservations, and whether the defense is within limits or separate therefrom.

### IV. Participating Parties

Please identify (by name and title) each person who will participate in the settlement conference, and also identify which person has full authority to settle the case. The letter must affirmatively state that the person does not have a limit or "cap" on his or her authority.

### V. Other

Please provide any other information you believe would be useful to the Court in resolving this matter.

These letters are for the Court's use only and should not be served on opposing counsel. They should be emailed to Cowan_Wright_Chambers@mnd.uscourts.gov.

**CONFIDENTIALITY**

All written and oral statements made by participants or their representatives during or in relation to this settlement conference are confidential.  Disclosure of confidential communications made during or in relation to this settlement conference is prohibited by this Order, except as authorized by the Court or agreed to by the parties.

**FAILURE TO COMPLY**

Failure of any party, attorney, or insurance company to comply with any part of this Order may result in the postponement of the settlement conference or imposition of an appropriate sanction on the party, insurance company, or attorney who failed to comply, or both.


Dated:  June 16, 2026                    */s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge

6