**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Shannon Evans,

          Plaintiff,

v.

Experian Information Solutions Inc.,
Equifax Information Services LLC, and
Trans Union LLC,

          Defendants.

Case No. 26-cv-01822 (JWB/ECW)

**PROTECTIVE ORDER**

This case is before the Court on the Stipulation for Protective Order (Dkt. 28). Having considered the Stipulation and for good cause shown, **IT IS ORDERED THAT** the following shall govern the use of confidential information in this case:

1. **Definitions.** As used in this protective order:

   (a) "attorney" means an attorney who has appeared in this action;

   (b) "confidential document" means a document designated as confidential under this protective order;

   (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

   (d) "document" means information disclosed or produced in discovery, including at a deposition;

   (e) "notice" or "notify" means written notice;

(f)     "party" means a party to this action; and

(g)     "protected document" means a document protected by a privilege or the work-product doctrine.

2.     **Designating a Document or Deposition as Confidential.**

(a)     A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)     A party or non-party may designate a document as confidential by conspicuously marking the front of the document, or the portion(s) of the document for which confidential treatment is sought, with the word "confidential."

(c)     Deposition testimony may be designated as confidential:

   (1)     on the record at the deposition; or

   (2)     within 30 days after the deposition transcript becomes available, by notifying the parties and those who were present at the deposition of those portions of the deposition testimony that should be designated as confidential pursuant to the terms of this order. The deposition testimony shall be treated as confidential until the expiration of the 30-day period.

(d)     If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.    Who May Receive a Confidential Document.**

(a)    A confidential document may be used only in this action.

(b)    No person receiving a confidential document may reveal it, except to:

(1)    the court and its staff;

(2)    an attorney or an attorney's partner, associate, or staff;

(3)    a person shown on the face of the confidential document to have authored or received it;

(4)    a court reporter or videographer retained in connection with this action;

(5)    a party (subject to paragraph 3(c)); and

(6)    any expert who:

(A)    is retained to assist a party or attorney with this action; and

(B)    signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(c)    A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to any person other than:

(1) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

3

(2) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(3) The Court and its personnel;

(4) Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(5) any mediator appointed by the Court or jointly selected by the parties;

(6) The author or recipient of the document (not including a person who received the document in the course of litigation); and

(7) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4.    **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5.    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

4

**6.    Use of a Confidential Document in Court.**

(a)    Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with the applicable Local or Federal Rules of Civil Procedure.

(b)    Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

(c)    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "confidential," or "confidential—attorneys' eyes only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**7.    Changing a Confidential Document's Designation.**

(a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 7.1(a).  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

**8.      Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

    (1)     return or destroy all confidential documents, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials; and

    (2)     notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

(b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

9.    **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)    Notice.

(1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10.    **Security Precautions and Data Breaches.**

(a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11.    **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

12.    **Non-Use of Artificial Intelligence**. Confidential Material covered by this Order shall not be submitted to any open AI tool, website, or large language model (for example, ChatGPT or Claude).


Dated:  June 24, 2026                          */s/ Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Shannon Evans,

        Plaintiff,

v.

Experian Information Solutions Inc.,
Equifax Information Services LLC, and
Trans Union LLC,

        Defendants.

Case No. 26-cv-01822 (JWB/ECW)

**PROTECTIVE ORDER - EXHIBIT A**

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type address] declare under penalty of perjury that

I have read in its entirety and agree to be bound by the protective order in the case captioned

*Evans v Experian et al.*, 26-cv-1822 JWB/ECW, in the United States District Court for the

District of Minnesota. I agree to comply with and be bound by the terms of the protective

order, and I understand and acknowledge that my failure to do so could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to the protective order to any

person or entity except in strict compliance with this order.

As soon as my work in connection with that action has ended, but not later than 30

days after the termination of that action (including any appeals), I will return or destroy

any confidential document that I received, any copy of or excerpt from a confidential

9

document, and any notes or other document that contains information from a confidential document.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____